# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

McKenzie Upshur               )
                               )
Plaintiff,                  )
                               )
v.                          )    CASE NO.: 8:19-cv 1391
                               )
Duke Energy,            )
                               )
Defendant.            )
                               )
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, McKenzie Upshur, by and through his undersigned counsel, hereby sues Defendant, Duke Energy, and alleges as follows:

### JURISDICTION

1.    Plaintiff brings these claims for race discrimination against Defendant for subjecting him to harassment, discrimination, and ultimately termination in violation of §42 USC 1981 ("1981), Title VII of the Civil Rights Act ("Title VII"), and the Florida Civil Rights Act ("FCRA")

2.    This Court has original jurisdiction over Plaintiff's claims as they arise under federal law, and this Court has supplemental jurisdiction over Plaintiff's FCRA claim as it arises under the same set of operative facts as the federal claims.

### VENUE

3.    Proper Venue is in this Court as the unlawful action occurred in Pinellas County, Florida within the jurisdiction of the United States District Court, Middle District of Florida, Tampa Division.

### PARTIES

4.    Plaintiff, McKenzie Upshur, is a resident of Pinellas County, Florida, and is otherwise sui

juris.

5.      Defendant Duke Energy is, and at all times mentioned herein was, an electric power holding company engaged in providing electricity to users in Florida and other areas. Duke is a Florida limited liability company having its principal place of business in St. Petersburg, Florida.

6.      All conditions precedent have been met.

7.      In particular, pursuant to Title VII and the FCRA, Plaintiff dual filed a timely Charge of Discrimination with the FCHR and EEOC, and was subsequently issued a Right to Sue Letter on March 11, 2019.

8.      Plaintiff timely files this lawsuit within 90 days of receipt of his Right to Sue letter.

## FACTUAL BACKGROUND

9.      McKenzie Upshur was hired by the Company[1] in September of 1986 as a part time temporary laborer at the Company's Anclote power plant.  He became a full time regular employee on April 20, 1987.

10.     Mr. Upshur has been employed at both the Anclote and Bartow power plants, and worked at the Bartow plant since 2012.  In all Mr. Upshur has been employed by the Company for 31 years.

11.     At the time of his termination he worked as a Combustion Turbine Technician ("CTT") at the Bartow Combined Cycle Station.

12.     A CCT is a journeyman classification, and Mr. Upshur performed switching and tagging, water chemistry testing, was responsible for all pumps throughout the plant, along with turbine equipment, valves, electrical equipment and breakers, Combustion turbine equipment, and the cooling water system.  He walked the station doing rounds to inspect all the equipment, and was

---

[1] During Mr. Upshur's tenure, Duke Energy (as it is now known) has been through several incarnations and names.  For ease of reference, it will be referred to here as "the Company".

also responsible for the Peaking Units.

**13.**     At the time of his termination Mr. Upshur was the Chief Union Steward at the Bartow Combined Cycle Site.  He previously held the position of shop Steward.

**14.**     Married 30 years, with four children, Mr. Upshur has a 13 year-old daughter still at home, a daughter in college, and two other children that are out on their own.

**15.**     Mr. Upshur was discriminated against and subjected to different terms and conditions because of his race.  He endured ongoing harassment and attempts at intimidation by his white supervisors and was fired on pretextual grounds.

**16.**     Plaintiff was singled out and harassed multiple times throughout his employment by various supervisors including Michael Adams, Peter Maynard, Wayne Toms, Erik Kennedy and Dave Brown.  By way of example, Erik Kennedy, a CTT who had been stepped-up to Shift Supervisor at the time, referred to Mr. Upshur as a "nigger" in the presence of other Employees.  This comment was later verified through a company investigation, and – months later - Mr. Kennedy was given a written reprimand with 5-days off without pay.

**17.**     It was subsequently discovered, however, that while Mr. Kennedy was off work for his regular schedule during the 5-day suspension, his 5-days of pay was not withheld as described in the written reprimand.   In addition, Kennedy was offered overtime during the five day suspension period and worked at the overtime rate of pay during the time he was supposed to be suspended.

**18.**     Mr. Upshur was discriminated against in that he was held to a stricter standard – or no standard at all - than other employees as it relates to the completion of required computer based training, the granting of vacation time, the granting of meal allowances, the working of overtime, the processing of grievances and the manner in which certain allegations against Mr. Uphur were

investigated.

19.     Mr. Upshur retained the undersigned to represent his interests in this case and is obligated to pay a fee for services.  Defendant should be made to pay said fee under the fee provisions of §42 USC 1981.

## COUNT I

20.     The Plaintiff realleges and incorporates herein by reference the allegations made in paragraphs 1 through 19 above, and further alleges as follows:

21.     This is an action brought against Defendant for discrimination based upon 42 USC 1981.

22.     The Plaintiff has been the victim of discrimination on the basis of his race in that he was treated differently than similarly situated Caucasian employees of Defendant and was subjected to hostility and poor treatment on the basis of his race.

23.     Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

24.     Further, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

25.     The Defendant terminated the Plaintiff from his employment for reasons directly resulting from his race.

26.     The Defendant was aware of the misconduct of its agents, representatives and employees in discriminating against the Plaintiff.

27.     The conduct of the Defendant and its agents was intentional.

28.     As a consequence of the actions of the Defendant and its agents, the Plaintiff has suffered loss of employment, loss of earnings, loss of advancements, loss of benefits attending employment, embarrassment, and mental stress.

29.     The Plaintiff has further incurred expenses of seeking employment.

30.     As a consequence of the actions of the Defendant and its agents, the Plaintiff has been compelled to retain the services of an attorney and is entitled to the recovery of a reasonable attorney's fee and the costs of this action.

WHEREFORE, the Plaintiff demands judgment for damages against the Defendant, including but not limited to the following:

    a.  backpay;

    b.  loss of fringe benefits;

    c.  a declaration that the acts and practices complained of herein are in violation of 42 USC 1981;

    d.  an order enjoining and permanently restraining said violations;

    e.  an order directing the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiff's employment opportunities;

    f.  front pay;

    g.  compensatory damages;

    h.  costs of this action together with reasonable attorney's fees;

    i.  trial by jury; and

    j.  such other relief as the court deems proper.

## COUNT II

### Negligent Supervision of Employees

**31.**    The Plaintiff realleges and incorporates herein by reference the allegations made in paragraphs 1 through 19 above, and further alleges as follows:

**32.**    The Defendant and its agents knew that discrimination against African-American employees, and in particular Plaintiff, was a common practice and did little if anything to control or curb the activities. As a result of the Defendant's negligence in supervision of its employees, agents of the Defendant were able to commit their discriminatory acts with impunity and no fear of repercussions from the Defendant.

**33.**    The negligence of the Defendant was the direct and proximate cause of the Plaintiff's damages.

**34.**    The Defendant had a duty to Plaintiff to provide a workplace free from discrimination on the basis of race.

**35.**    At times material to this Complaint, the Defendant had actual and/or constructive notice of its employees, agents, servants and representative's discriminatory practices as set forth above.

**36.**    The Defendant breached its duty to Plaintiff by failing to take any action to investigate,

discipline, discharge or prevent its employees from harming Plaintiff, who was harmed as a proximate result thereof.

37.     As a consequence of the Defendant's actions, the Plaintiff has suffered loss of employment, loss of earnings, loss of advancements, loss of benefits attending employment, embarrassment, mental stress manifesting itself in the aggravation of the Plaintiff's multiple chemical sensitivity, mental suffering and anguish in the form of post traumatic stress disorder, and inconvenience.

38.     The Plaintiff has further incurred expenses of seeking employment and relocation in order to obtain other employment.

WHEREFORE, the Plaintiff demands judgment for damages against the Defendant, including but not limited to the following:

    **a.**  backpay;

    **b.**  loss of fringe benefits;

    **c.**  a declaration that the acts and practices complained of herein are in violation of the common law of the State of Florida;

    **d.**  an order enjoining and permanently restraining these violations of the common law of the State of Florida;

    **e.**  an order directing the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiff's employment opportunities;

    **f.**  front pay;

    **g.**  compensatory damages;

    **h.**  trial by jury; and

    **i.**  such other relief as the court deems proper.

## COUNT III

### Florida Civil Rights Act of 1992:  Race Discrimination

39.     Plaintiff realleges the allegations contained in paragraphs 1 through 19, as fully and completely as though restated, and further alleges against Defendant:

40.     This action is brought pursuant to the Florida Civil Rights Act of 1992, §760.01 et seq., Fla. Stat, seeking redress for discrimination based on a race.

41.     The Defendant terminated the Plaintiff from his employment for reasons directly

resulting from his race.

**42.** The Defendant failed to provide the Plaintiff with a reasonable accommodation for his disabilities.

**43.** The Defendant was aware of the misconduct of its agents, representatives and employees in discriminating against the Plaintiff on the basis of his race.

**44.** The conduct of the Defendant was intentional.

**45.** As a consequence of the actions of the Defendant and its agents, Plaintiff has suffered loss of employment, loss of pay and loss of benefits attending his employment from the date of his termination, loss of earnings and earning capacity, loss of advancements, loss of benefits attending advancement, embarrassment, mental stress, mental suffering and anguish and inconvenience.

**46.** The Plaintiff has further incurred expenses of seeking employment and relocation in order to obtain other employment.

WHEREFORE, the Plaintiff demands judgment for damages against the Defendant, including but not limited to the following:

   **a.** backpay;

   **b.** loss of fringe benefits;

   **c.** a declaration that the acts and practices complained of herein are in violation of the Florida Civil Rights Act of 1992;

   **d.** an order enjoining and permanently restraining these violations of the Florida Civil Rights Act of 1992;

   **e.** an order directing the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiff's employment opportunities;

   **f.** front pay;

   **g.** compensatory damages;

   **h.** costs of this action, and a reasonable attorney's fee

   **i.** trial by jury; and

   **j.** such other relief as the court deems proper.

## COUNT IV
### Title VII of the Civil Rights Act

**47.** The Plaintiff realleges and incorporates herein by reference the allegations made in paragraphs 1 through 19 above, and further alleges as follows:

**48.** This is an action brought against Defendant for discrimination based upon Title VII of the Civil Rights Act.

**49.** The Plaintiff has been the victim of discrimination on the basis of his race in that he was treated differently than similarly situated Caucasian employees of Defendant and was subjected to hostility and poor treatment on the basis of his race.

**50.** Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

**51.** Further, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

**52.** The Defendant terminated the Plaintiff from his employment for reasons directly resulting from his race.

**53.** The Defendant was aware of the misconduct of its agents, representatives and employees in discriminating against the Plaintiff.

**54.** The conduct of the Defendant and its agents was intentional.

**55.** As a consequence of the actions of the Defendant and its agents, the Plaintiff has suffered loss of employment, loss of earnings, loss of advancements, loss of benefits attending employment, embarrassment, and mental stress.

**56.** The Plaintiff has further incurred expenses of seeking employment.

**57.** As a consequence of the actions of the Defendant and its agents, the Plaintiff has been compelled to retain the services of an attorney and is entitled to the recovery of a reasonable attorney's fee and the costs of this action.

WHEREFORE, the Plaintiff demands judgment for damages against the Defendant, including but not limited to the following:

    a. backpay;

b.  loss of fringe benefits;

c.  a declaration that the acts and practices complained of herein are in violation of Title VII;

d.  an order enjoining and permanently restraining said violations;

e.  an order directing the Defendant  to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiff's employment opportunities;

f.  front pay;

g.  compensatory damages;

h.  costs of this action together with reasonable attorney's fees;

i.  trial by jury; and

j.  such other relief as the court deems proper.

Respectfully submitted this 7th day of June, 2019

/s/ Thomas L. Johnson
Thomas L. Johnson, Esq.
Fla. Bar: 997447
Law Office of Thomas L. Johnson
510 Vonderburg Ave., Suite 309
Brandon, Florida  33511
813-654-7272
tom@tjlawpa.com